**LEONTI**

v.

**WINDOW & DOOR FACTORY, INC.**

Court of Common Pleas of Ohio,
Medina County.

No. 98 CIV 0852.

Decided Aug. 8, 1999.

*Murray & Murray, John T. Murray* and *Sylvia M. Antalis,* for plaintiff.

*McCarthy, Lebit, Crystal & Haiman Co., L.P.A., Mark B. Cohn* and *Robert J. Dubyak,* for defendant.

———

JAMES L. KIMBLER, Judge.

Before the court is the defendant's motion for stay of proceedings pending plaintiff's submission of the claim to arbitration, which motion is based upon R.C. 2711.02. That statute provides:

"If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement * * *."

Plaintiff, Thomas Leonti, and defendant, Window & Door Factory, Inc., agree that they entered into a written consumer contract. The contract, on its first page, contains the following language:

"Arbitration—Any claim or controversy arising under this contract shall be resolved by arbitration by the Better Business Bureau, as set forth on the reverse side of this contract."

The reverse side of the contract provides:

"ARBITRATION—The Window Factory participates in the Customer Care Program administered by the Better Business Bureaus serving the Cleveland, Columbus and Dayton areas. In the event of a dispute arising out of or relating to this contract which we are not able to resolve through informal grievance procedures on our part and the part of the local Better Business Bureau, the Window Factory hereby agrees to abide by the decision of an impartial third-party arbitrator furnished by the Better Business Bureau serving the area where the work is performed."

Defendant's position is that because of this contractual language, because of the statute in question, and because there is a dispute between the parties, this court must grant defendant's motion for stay.

Plaintiff's response is that the arbitration clause is not enforceable under the recent decision of the Ohio Supreme Court in *Williams v. Aetna Fin. Co.* (1998), 83 Ohio St.3d 464, 700 N.E.2d 859.

Defendant, in its reply to plaintiff's brief in opposition, seeks to distinguish the case *sub judice* from *Williams.*

While there are similarities and differences between *Williams* and the case before the court, the court finds it unnecessary to rule upon whether the arbitration provisions in the present case are unconscionable and therefore unenforceable. The court's decision in this regard is based upon the finding that these provisions do not constitute an agreement to arbitrate.

In *Schaefer v. Allstate Ins. Co.* (1992), 63 Ohio St.3d 708, 590 N.E.2d 1242, the Ohio Supreme Court explained and defined what arbitration is. According to the Supreme Court, "For a dispute resolution procedure to be classified as 'arbitration,' the decision rendered must be final, binding and without any qualification or

condition as to the finality of an award whether or not agreed to by the parties." *Id.* at 711, 590 N.E.2d at 1245.

Using this definition, the court analyzed an "arbitration" clause in an automobile liability policy involved in the case. Under the terms of the arbitration language, if an arbitration award was above a certain monetary amount, either party could seek a *de novo* determination of their dispute. Because of this "escape hatch," as the Supreme Court characterized the provision, the court determined that the purported arbitration provision did not qualify as "true" arbitration and therefore was unenforceable. In the court's own words:

"[A] simple analysis of the policy provision now before us based upon our discussion of 'arbitration' in Part I A, *supra,* leads to the inevitable conclusion that whatever alternative-dispute-resolution procedure is provided for, that procedure is *not* arbitration. The procedure does *not* make *any* and *all* awards final and binding. Furthermore, it is apparent that the insurance provision in question here represents a clear attempt to bypass R.C. Chapter 2711 by setting up an 'escape hatch' for any party disappointed with an award exceeding a specified amount. In doing so, the provision completely frustrates the purposes of 'arbitration' and every public policy reason favoring the arbitration system of dispute resolution. By permitting a trial *de novo* in some instances, the provision unnecessarily subjects the parties to multiple proceedings in a variety of forums, increases costs, extends the time consumed in ultimately resolving a dispute, and eviscerates any advantage of unburdening crowded court dockets. Accordingly, since the provision is *not* a provision providing for true arbitration, the entire agreement to 'arbitrate' clause is unenforceable." (Emphasis *sic.*) *Id.,* 63 Ohio St.3d at 716, 590 N.E.2d at 1248.

In the case at bar, some of the arbitration language on the front of the contract would suggest that the arbitration clause is rather standard. For example, the clause starts out with "[a]ny claim or controversy arising under this contract shall be resolved by arbitration." However, the clause goes on and provides: "by the Better Business Bureau, as set forth on the reverse side of this contract." Thus, this broad arbitration language on the first page of the contract is qualified by the arbitration language on the back side of the contract.

And the arbitration language on the reverse side of the contract sets up a two-tiered process, the first involving Better Business Bureau "informal grievance procedures," and the second, if the dispute is not resolved at the first stage of the process, a resolution of the dispute through a decision of a third-party arbitrator furnished by the Better Business Bureau. However, under the express language of the arbitration clause on the reverse side of the contract, only the Window Factory (the defendant) is bound by the any decision of a Better Business Bureau selected arbitrator, as the contract itself states: "The Window Factory hereby

agrees to abide by the decision of an impartial third-party arbitrator furnished by the Better Business Bureau serving the area where the work is performed." This language does not make the decision binding on the consumer/buyer. Accordingly, a consumer/buyer, such as the plaintiff herein, would not be bound to abide by the decision of a third-party arbitrator furnished by the Better Business Bureau. Not being bound by a decision, the consumer/buyer could then seek redress through the legal system, thereby frustrating the goals of the arbitration process.

Thus, because the purported arbitration provisions under consideration do not mandate a binding decision on all parties, the provisions are not "true" arbitration provisions, and accordingly, are not enforceable.

Therefore, the court finds that R.C. 2711.02 is not applicable to the case *sub judice*. Accordingly, defendant's motion for stay is denied.

*So ordered.*